AMERICAN EXPRESS CO. *et al v.* UNITED STATES (No. 736).[1]

PAPERS WITH COATED SURFACE OR SURFACES, NOT SPECIALLY PROVIDED FOR.

By the deliberate change made and appearing in paragraph 411, tariff act of 1909, making it read "paper with coated surface or surfaces, not specially provided for," it can not be doubted a change of meaning was intended; and papers like the importation that in fact have a coated surface or surfaces are dutiable under that paragraph.—Kupfer *v.* United States (2 Ct. Cust. Appls., —; T. D. 32041) distinguished.

United States Court of Customs Appeals, January 12, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26052 (T. D. 31757).

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* of counsel) for appellants.

*Wm. L. Wemple,* Assistant Attorney General (*Martin T. Baldwin* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The importation here is a species of paper used in the printing of decalcomanias. It is invoiced as "single transfer paper" or as

---

[1] Reported in T. D. 32207 (22 Treas. Dec., 138).

"duplex lithotransfer paper." The paper termed "single" is a one-thickness paper, the surface of which is coated with a preparation of gum, and the "duplex" is made of two layers united, the lower being plain and the upper coated with a gummy substance. This paper when lithographically printed is used to transfer lithographic impressions to pottery ware, etc. It was assessed for duty under the provision in paragraph 411 of the act of 1909 for "paper with coated surface or surfaces, not specially provided for." The importers before the board and here rely upon the claim that said paper is dutiable under paragraph 415 of the same act as paper not specially provided for.

No evidence was taken below, and the Board of General Appraisers, relying upon the official samples and the papers transmitted to it with the protest, sustained the assessment.

The sole question is whether Congress, by changing the term "surface-coated papers, not specially provided for in this act," in paragraph 398 of the act of 1897 to that employed in paragraph 411 of the act of 1909, which is "papers with coated surface or surfaces, not specially provided for in this section," made such a change in the law as to include the merchandise at bar, which it is agreed was not dutiable under said paragraph 398. In other words, the question is whether the expression "papers with coated surface or surfaces" has the same meaning as "surface-coated papers."

As further describing the precise character and construction of the merchandise here involved it is agreed that the paper is identical with that before this court in United States v. Borgfeldt (2 Ct. Cust. Appls., 197; T. D. 31945), except that the paper there had upon it decalcomanias, while in the case at bar they are wanting.

In the Borgfeldt case it was found that both the "simplex" and "duplex" forms of the paper were surfaced with a solution of starch and this in turn was coated with dextrin, or gum, which was designed to receive the color design or figure constituting the decalcomanias. This dextrin or gum coating appeared to be for the double purpose of preventing the colors from running into the starch and paper and for fastening the design to the pottery. The office of the starch is to prevent the gum from sticking to the paper and to permit the withdrawal of the same from the paper when moistened, thus leaving the decalcomania attached by the gum to the article to be decorated.

The substance of the importers' contention here is that the term "surface-coated papers" from legislative and judicial history is established to mean a coating permanent in character accomplished by certain processes peculiar to the surface-coating paper art; that the term "surface-coated papers" and "papers with a coated surface or surfaces" are synonymous, and therefore that the assessment is erroneous.

Admittedly, if the claimed interpretation be the true one the conclusion is justified. The Government, on the other hand, insists that these two terms are not synonymous, that in the absence of proof of any definite and uniform trade meaning for words used in a statute the ordinary meaning thereof must prevail, and that giving such ordinary meaning to the quoted term in the later act it clearly includes the merchandise at bar.

It is unnecessary to enter upon an exhaustive review of the numerous cases in which the meaning of the term "surface-coated papers" has been considered under various tariff acts. Congress in "Notes on Tariff Revision" had its attention called to many of these and it must be presumed to have had cognizance of the fact that this phraseology in the act of 1897 and in preceding acts had been productive of much litigation. It is no stretch of imagination to believe that it designed by its change in the phraseology of the paragraphs under consideration to declare, as indeed the ordinary meaning of the words used would seem to indicate, that all papers which in fact possess a coated surface or surfaces should be, unless otherwise provided for, assessed under paragraph 411. This would result in an abandonment of the various refinements of reasoning and con sideration of trade practices and usages which appear to be involved in some of the cases referred to and leave it a simple question of fact to be determined in each case upon the evidence whether the paper has or has not a coated surface or surfaces, regardless of the character thereof, and the manner in which or the purposes for which such coated surface or surfaces are imparted to the paper.

It has not been suggested either that any absurd or inconsistent results may flow from such an interpretation of the statute or that injustice or inequality may result therefrom.

It will be presumed that Congress was fully cognizant of the fact that as respecting some classes of importations at least the meaning of the term "surface-coated papers" had been settled by adjudication and had it desired or designed that the same interpretation and classification of merchandise thereunder should continue, there is no reason suggested why it should have changed the language of the act in this respect.

We hold that by this deliberate change in the expression a change of meaning was intended, and we think there is no escape from the conclusion that the words should be held to mean just what they import, namely, that papers like the importation here, which in fact have a coated surface or surfaces, are, unless otherwise specially provided for, dutiable under paragraph 411.

The case of Kupfer *v.* United States (2 Ct. Cust. Appls., 302; T. D. 32041) is much relied upon by the importers as ruling the issue here, but it clearly appears from an examination thereof that the

question there involved was whether plain paper coated with metal, either by applying a metal wash thereto or by pasting a metal leaf thereon, was paper covered with metal or its solutions within the meaning of paragraph 411. It was urged by the importer that it was not such, because the paper had not been surface-coated before the above-described metal coating had been applied. This contention was not upheld. The remarks of the court by Montgomery, Chief Judge, regarding the paragraphs here under consideration do not relate to and therefore do not affect the issue here.

The judgment of the Board of General Appraisers is *affirmed*.